UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGIONS BANK, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:25-1925 |
| v. | : | (JUDGE MANNION) |
| ALBERTO MARANTE, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is plaintiff Regions Bank's motion to strike defendants Alberto and Christen Marante's affirmative defenses numbered 1, 3-6, and 8-13 from their answer to Regions Bank's complaint. (**Doc. 13**). For the reasons stated herein, Regions Bank's motion will be **DENIED** without prejudice at this time.

**I.   BACKGROUND**

On October 14, 2025, Regions Bank filed a complaint in this court, in which it alleged that Mr. Marante has refused to satisfy a debt and judgment against him, owed to Regions Bank, and that "[w]orse, he is actively attempting to evade enforcement by, upon information and belief, sheltering assets belonging to him by placing them in an account in the name of his spouse, Mrs. Marante." (Doc. 1 at 2).

More specifically, Regions Bank alleges that Mr. Marante hid his assets and purported himself as insolvent by placing them in his wife's name, including his $259,000 a year salary which was deposited directly into a checking account solely in Mrs. Marante's name. *Id.* at 4. He allegedly did so to avoid a debt he owes to Regions Bank pursuant to a personal guarantee he made on his company's borrowing of funds from another company, which he defaulted on, resulting in a Florida court entering judgment against him. *Id.* at 1. That judgment was then recorded by the Lackawanna County Prothonotary. *Id.* at 3.

Regions Bank's action "to avoid and recover avoidable transfers pursuant to the Pennsylvania Uniform Voidable Transfers Act" argues that it "is entitled to avoid and recover the amount or value of the Voidable Transfers from Mr. Marante and Mrs. Marante and the John Does Subsequent Transferees pursuant to 12 Pa. C.S. §5101 *et seq.*" *Id.* at 6.

In their answer to Regions Bank's complaint, Mr. and Mrs. Marante denied any wrongdoing, including violating the Pennsylvania Uniform Voidable Transfer Act. (Doc. 8). In addition to denying any wrongdoing, Mr. and Mrs. Marante asserted fourteen affirmative defenses. *Id.* Relevant for purposes of this motion, are:

> [1] Plaintiff has failed in whole or in part to state a claim upon which relief can be granted
>
> [3] Plaintiff's Complaint is barred in whole or in part by reason of the statute of limitations.
>
> [4] Plaintiff's Complaint is barred in whole or in part by reason of estoppel.
>
> [5] Plaintiff's Complaint is barred in whole or in part by reason of laches.
>
> [6] Plaintiff's Complaint is barred in whole or in part by reason of Plaintiff's unclean hands.
>
> [8] Plaintiff's claims may be barred in whole or in part by the doctrines of collateral estoppel, judicial estoppel and/or res judicata.
>
> [9] Plaintiff's claims may be barred in whole or in part by the doctrines of payment and/or release.
>
> [10] Plaintiff's claims are barred because of statutory and/or common law.
>
> [11] Plaintiff's claims may be barred in whole or in part by the doctrines of accord and satisfaction.
>
> [12] Plaintiff's claims are barred by the doctrine of good faith of any transferee and/or the mere conduit defense
>
> [13] Plaintiff's claims are barred to the extent reasonably equivalent value was received for any alleged transfer.

*Id.* at 9-11.

On December 3, 2025, Regions Bank filed the present motion to strike the affirmative defenses, as well as an accompanying brief. (Docs. 13-14).

In its motion, Regions Bank argues that "[e]ach of the Affirmative Defenses is conclusory recitations of its respective elements, does not contain **any** factual or legal predicate, does not provide fair notice to Regions, and/or otherwise fails as a matter of law," and that the affirmative defenses should therefore be stricken. (Doc. 14 at 5-6) (emphasis in original).

On December 16, 2025, the Marantes filed an amended answer. (Doc. 19).[1] In their amended answer, the Marantes made only one change to the aforementioned affirmative defenses—the third affirmative defense was changed to "by reason of waiver," instead of "by reason of the statute of limitations." *Id.* at 9. The next day, December 17, 2025, the Marantes filed their brief in opposition, arguing that their affirmative defenses meet the appropriate legal standard, and that "[t]o the extent that the Court determines that any affirmative defense is not sufficiently articulated, the Marante Defendants should be given the opportunity to amend their affirmative defenses." (Doc. 20 at 2).

On December 18, 2025, the court ordered, in accordance with the parties' joint case management plan, submitted on December 10, 2025, (Doc. 15), that amended pleadings are due on February 16, 2026. (Doc. 23).

---

[1] On December 18, 2025, the court determined that this motion and the related briefs are now in reference to the amended answer.

Finally, on December 29, 2025, Regions Bank filed its reply brief to the brief in opposition. (Doc. 25). The matter is thus fully briefed and ripe for disposition.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), the court on its own or on motion by a party may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

"The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D.Pa. 2002). These motions are generally disfavored and should be used "sparingly" only "when required for the purposes of justice." *Landau v. Viridian Energy PA LLC*, 223 F.Supp.3d 401, 408 (E.D.Pa. 2016) (quoting *De La Cruz v. Picari Press*, 521 F.Supp.2d 424, 428 (E.D.Pa. 2007)). They are viewed unfavorably because they are often used as a dilatory tactic in litigation. *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014). As such, they will usually be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Deery v.*

*Crystal Instruments Corp.*, No. 13-198 (WJM), 2013 WL 4517867, at *1 (D.N.J. 2013) (quoting *River Rd. Dev. Corp. v. Carlson Corp., N.E.*, No. 89-7037, 1990 WL 69085, at *3 (E.D.Pa. 1990)). Courts may exercise "considerable discretion" when reviewing these types of motions. *Deery*, 2013 WL 4517867, at *1 (quoting *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F.Supp. 200, 217 (D.N.J. 1993)).

Striking a pleading is a "drastic remedy" that is appropriate only "when the grounds for striking it are readily apparent from the face of the pleadings." *Id.* (quoting *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 740 (D.N.J. 2013)). Thus, these motions are to be decided on the pleadings alone. *Id.*

Rule 8(c) affirmative defenses must be pleaded in the defendant's answer, or else they are waived. Fed. R. Civ. P. 8(c) "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). "To do this, at a minimum, the affirmative defense must 'provide fair notice of the issue involved.'" *Griffin v. Don E. Bower, Inc.*, 2017 WL 4310091, at *3 (M.D.Pa. 2017) (quoting *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F.Supp.2d 893, 900 (E.D.Pa. 2011)). "[F]air notice requires more than a mere rote

recitation of generally available affirmative defenses without citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the case in any way." *Mifflinburg Tel., Inc. v. Criswell*, 80 F.Supp.3d 566, 574 (M.D.Pa. 2015). Thus, "a defendant must state some basis for asserting the affirmative defense and may not merely recite all potential affirmative defenses available." *Alliance Indus. Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, 2014 WL 4548474, at *2 (E.D.Pa. 2014). Further, "[s]tating an affirmative defense provides 'fair notice' without specific factual allegations for each element of the defense as long as the defense is logically within the ambit of the general factual allegations of the litigation." *Mifflinburg Tel., Inc.*, 80 F.Supp.3d at 574. Notably, "[t]he consensus of district courts in this circuit is that the heightened pleading standard under *Twombly* and *Iqbal* does not apply to [affirmative] defenses." *U.S. Bank Nat'l Ass'n v. Gerber*, 380 F.Supp.3d 429, 438 (M.D.Pa. 2018). Given this standard, "[g]enerally, 'affirmative defenses [are] not to be struck unless there was no set of facts which could be inferred from the pleadings in support of the defenses." *Mifflinburg Tel., Inc.*, 80 F.Supp.3d at 573 (quoting *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 145 (E.D.Pa. 2011)). However, "where a defense is nothing more than a bare bones conclusory allegation, it may be stricken." *Griffin*, 2017 WL 4310091, at *2.

Finally, "motions to strike affirmative defenses 'should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more parties of the action.'" *Armbruster v. Eskola*, 2022 WL 5221542, at *3 (M.D.Pa. 2022) (quoting *Trivedi v. Slawecki*, 2013 WL 1767593, at *2 (M.D.Pa. 2013)).

### III. DISCUSSION

#### a. Affirmative Defense 1

The Marantes' first affirmative defense states: "Plaintiff has failed in whole or in part to state a claim upon which relief can be granted." (Doc. 19 at 9). Regions Bank asserts that this is a "bare bones conclusory allegation," and that the affirmative defense "'is not an affirmative defense at all. Rather, it [is a recitation of] the motion to dismiss standard under Rule 12(b)(6).'" (Doc. 14 at 8-9) (quoting *Barnes v. Truck-Lite Co., LLC*, 2024 WL 2979550, at *5 (M.D.Pa. 2024)).

While Regions Bank is correct that the standard for a motion to dismiss for failure to state a claim is not a proper affirmative defense, and while such an argument would be better suited for a Rule 12(b)(6) motion to dismiss than for an answer to a complaint, there are not sufficient grounds to strike the defense.

As noted by the court in *Barnes*, "general defenses such as these need not be pled at all, because plaintiffs are always on notice that defendants will contest elements of their prima facie case by opposing their suit." *Id.* The court further noted that the defense "causes no prejudice and striking [it] serves no purpose." *Id.* at *11; *see also In re Merck & Co.*, 2010 WL 2557564, at *2 (D.N.J. 2010) ("although the defense [of failure to state a claim] is arguably redundant in that it is essentially a general denial, there is no prejudicial harm to plaintiff and the defense need not be stricken." (quoting *County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002))).

Thus, while this defense is technically not a proper affirmative defense, the court will not strike it, as doing so serves no purpose.

### b. Affirmative Defenses 3-6, 9, and 11

The Marantes' third through sixth, ninth, and eleventh affirmative defenses state:

> [3] Plaintiff's Complaint is barred in whole or in part by reason of waiver.
>
> [4] Plaintiff's Complaint is barred in whole or in part by reason of estoppel.
>
> [5] Plaintiff's Complaint is barred in whole or in part by reason of laches.

>[6] Plaintiff's Complaint is barred in whole or in part by reason of Plaintiff's unclean hands.
>
>[9] Plaintiff's claims may be barred in whole or in part by the doctrines of payment and/or release.
>
>[11] Plaintiff's claims may be barred in whole or in part by the doctrines of accord and satisfaction.

(Doc. 9 at 19).

Regions Bank argues that these affirmative defenses "are impertinent and immaterial because they are not recognized as a defense to claims under PUVTA [Pennsylvania Uniform Voidable Transactions Act]." (Doc. 14 at 9). Regions Bank further asserts that the defenses are "impermissible 'mere rote recitations of generally available affirmative defenses without citation to any other fact or premise from which an inference may arise that the stated defense is logically related to the case in any way.'" *Id.* at 10 (quoting *Griffin*, 2017 WL 4310091, at *2).

In response, the Marantes argue that they can raise the defenses, despite Regions Bank's complaint making a statutory legal claim because "[Regions Bank] seeks equitable relief in its Complaint – namely injunctive relief." (Doc. 20 at 6). They further argue that the defenses are logically related to the complaint. *Id.* at 6-8.

Deciding the merits of whether the defenses are "impertinent and immaterial" would be premature at this stage, as would striking the defenses. However, the Marantes' third through sixth, ninth, and eleventh affirmative defenses are indeed "mere rote recitations of generally available affirmative defenses." Therefore, the Marantes should amend these defenses by February 16, 2026, in accordance with the amended pleadings deadline, or risk their being stricken in the future.

### c. Affirmative Defenses 8 and 10

The Marantes' eighth affirmative defense states, "Plaintiff's claims may be barred in whole or in part by the doctrines of collateral estoppel, judicial estoppel and/or res judicata," and their tenth affirmative defense states, "Plaintiff's claims are barred because of statutory and/or common law." (Doc. 19 at 10).

Regions Bank argues that these affirmative defenses should be stricken because they:

> suffer from the same infirmities discussed above; namely, Defendants failed to allege or refer to any underlying facts, and Regions lacks adequate notice of what court orders or judgments could possibly trigger collateral estoppel on an issue applicable to this case. Similarly, Defendants failed to allege or cite any facts from which Regions can infer what

> statutory or common law principles could possibly bar Regions' claim.

(Doc. 14 at 11).

Furthermore, in its reply brief, Regions Bank notes, with respect to the eighth affirmative defense, that the:

> [Marantes] argue in their Opposition (with no reference to same in their Answer or Affirmative Defenses) that there could theoretically exist a court order or decision from the Florida trial court that could estop Regions from voiding the alleged voidable transfers in this case. That case was limited to the issue of Defendant Alberto Marante's breach of the promissory note that underlies the Judgment and thus cannot support estoppel here. And in any event, that case has concluded, and there is no such relevant decision or order that could warrant estoppel."

(Doc. 25 at 11). And, with respect to the tenth affirmative defense, Regions Bank states, "[the Marantes] are arguing that there exists some statute in some state (or possibly federal law or treaty) or at common law that might, in theory, bar Region[s'] claim. Defendants cannot possibly assert in good faith that they have properly placed Regions on notice of whatever this affirmative defense is meant to refer to." *Id* at 12.

The court agrees with Regions Bank. These affirmative defenses are insufficiently pleaded. They constitute "bare bones" statements, presently seem to have been pleaded to preserve potential defenses rather than to assert defenses grounded in the facts of the case, and do not adequately provide Regions Bank with fair notice. However, given the standard for a motion to strike as well as the February 16, 2026, amended pleadings deadline, the defenses will not be stricken. The court instead instructs the Marantes that they should amend these defenses, or risk their being stricken in the future.

### d. Affirmative Defenses 12 and 13

The Marantes' twelfth affirmative defense states, "Plaintiff's claims are barred by the doctrine of good faith of any transferee and/or the mere conduit defense." (Doc. 19 at 10). Their thirteenth states, "Plaintiff's claims are barred to the extent reasonably equivalent value was received for any alleged transfer." *Id.* at 11.

Regarding the twelfth affirmative defense, Regions Bank argues in its reply brief that:

> With respect to the "doctrine" of "good faith" and the "mere conduit defense," Regions is unaware of any such general "doctrine" or "defense" that could apply here, and Defendants provide no clarity regarding the "mere conduit defense" in their

> Opposition. To the extent that the "doctrine of good faith" refers to the statutory defense under 12 Pa. C.S. § 5108(a), Defendants' Answer does not put Regions on notice that that is the defense they are asserting in Affirmative Defense Twelve.

(Doc. 25 at 13). If §5108(a) is the defense that the Marantes are attempting to assert in their twelfth affirmative defense, "[t]he limited statutory defense to a PUVTA claim alleging that a debtor improperly transferred requires that the transferee both (1) receive the transfer in good faith and (2) for reasonably equivalent value." (Doc. 14 at 11) (citing 12 Pa. C.S. §5108(a)). The parties dispute whether Mr. Marante did, or even could, receive reasonably equivalent value for the transfers he made to Mrs. Marante. The viability of *both* of these defenses, assuming affirmative defense twelve is a §5108(a) defense, largely hinges on that determination. However, such a determination at this stage in the litigation, i.e., before the amended pleadings deadline has even passed, would be premature.

      The court thus finds that the Marantes failed to provide fair notice to Regions Bank in their twelfth affirmative defense, as it is unclear whether or not they were asserting a §5108(a) defense. Furthermore, seeing that their thirteenth affirmative defense is connected to their twelfth, and that it provides no basis, nor insight, as to how "reasonably equivalent value" could

- 14 -

have been given, it too fails to provide fair notice to Regions. The court, however, will not strike these affirmative defenses. Instead, the court permits the Marantes to amend the defenses prior to the February 16, 2026, amended pleadings deadline.

## IV.    CONCLUSION

For the foregoing reasons, Regions Bank's motion to strike affirmative defenses will be **DENIED** without prejudice at this time. The Marantes will be permitted to amend their answer to the extent necessary, in accordance with the February 16, 2026, amended pleadings deadline. An accompanying order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 22, 2026**
25-1925-01